People v A.I. (2025 NY Slip Op 50888(U))

[*1]

People v A.I.

2025 NY Slip Op 50888(U)

Decided on May 30, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 30, 2025
Youth Part, Erie County

The People of the State of New York

against
A.I. AO.

Docket No. FYC-71354-25/001

Nicholas J. Marino, Esq. (Assistant District Attorney)
Ryan Anderson, Esq. (for Principal A.I.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Nicholas Marino, Esq. (Assistant District Attorney), dated May 16, 2025; responsive papers dated May 23, 2025 having been filed by Ryan Anderson, Esq, on behalf of AO A.I.; oral argument and a hearing on the motion having been waived in writing by the ADA; and due deliberation having been had, the Court finds the following:
Procedural History
AO A.I. is charged under FYC-71354-25/001 with one count of Criminal Mischief, Third Degree, in violation of CPL 145.05(2), a class E felony; one count of Criminal Possession of Stolen Property in the Third Degree, in violation of CPL 165.50, a class D felony; and one count of Possession of Burglar Tools, in violation of CPL 140.35, a class A misdemeanor.
This Court arraigned AO A.I. on April 16, 2025, and bail was set at $25,000.00 A, B, $50,000.00 E at 10%. If Defendant made bail, he would be released under RUS. A six-day reading was not required under CPL § 722.23(2)(a). The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. A decision on the extraordinary circumstances motion was scheduled for May 30, 2025. On April 21, 2025, AO A.I. waived the felony hearing, and this Court modified bail to $10,000.00 A, B, $30,000.00 E at 10 %.

Findings of Fact
It is alleged that on April 16, 2025, at approximately 6:30am, Amherst Police received a call alleging that a witness observed a suspicious person exit the driver's side door of a black [*2]Hyundai Elantra in the middle of the road and run northbound, abandoning the vehicle. The suspicious person was identified as a white male wearing all black with a blue mask and long hair. A police officer arrived at the scene of the abandoned vehicle and observed damage to the driver's side door handle, the steering column punched out, the ignition switch missing, and a screwdriver left on the driver's seat. During a show-up, the witness identified the suspicious person as AO A.I.
Later that day, the owner of the Hyundai Elantra filed a report indicating his vehicle was stolen and never gave anyone permission to use the vehicle.
AO A.I.'s NYSIS shows that he has 9 open felony cases for arrests that occurred between March 19, 2025, and March 28, 2025. Those incidents occurred when AO A.I. was 15 years old; they are all pending appearance tickets in Niagara County Family Court.
AO A.I. turned 16 years old on April 2, 2025. It is alleged that he committed a robbery in Niagara County on April 11, 2025. He was subsequently arraigned on those charges in Niagara County Youth Part on April 23, 2025 and that matter remains pending.

Conclusions of Law
The Raise the Age Law defines a 16 or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). As a non-violent felony, this matter must be transferred to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. (CPL § 722.23(1)(a), (d). The term "extraordinary circumstances" is not defined in the Raise the Age Law. (People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept. 2025)). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors" (NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra). Aggravating factors include whether the AO: (1) committed a series of crimes over multiple days, (2) acted in an especially cruel and heinous manner, and (3) led, threatened, or coerced other reluctant youth into committing the crimes before the court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record, p. 40. Mitigating circumstances are meant to include a wide range of individual factors, including economic difficulties, substandard housing, poverty, difficulties learning, educational challenges, lack of insight and susceptibility to peer pressure due to immaturity, absence of positive role models, behavior models, abuse of alcohol or controlled substances by the AO, or by family or peers. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record at 40. The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'". See also, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021) citing Assembly Record, p. 39).
"The People may not, in any way, use the [AO's] juvenile delinquency history, including any past admissions or adjudications, in any application for removal under the statute." People v J.J., 74 Misc 3d 1223(A) [NY Co Ct 2022]; citing Family Court Act § 381.2(1); see also, People v. M.M., 64 Misc 3d at 269, supra, citing Green v. Montgomery, 95 NY2d 693, 697 (2001). As [*3]such, this Court is prohibited from considering AO A.I.'s juvenile delinquency history, and it cannot rely on his nine pending appearance tickets in Niagara County Family Court in making this decision.
The People argue that AO A.I.'s criminal behavior is prolific. He is alleged to have committed two crimes within one week (the Niagara County robbery on April 11, 2025, and the stolen car at issue here on April 16, 2025). However, absent the Family Court matters, this is not sufficient to establish a series of crimes over multiple days. Furthermore, the matter pending in this Court is a non-violent, non-qualifying offense. No one was physically injured in this incident. AO A.I. is alleged to have caused approximately $800.00 in damage to the Victim's personal property. Family Court will be able to order restitution in that amount. According to the Probation report dated May 29, 2025, AO A.I. has shown compliance with services while released under supervision. This is a youth who could benefit from the intensive services provided by Family Court.
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare" (Assembly Record, p. 39). Extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. The People did not meet their burden to prevent removal of this action to Family Court, and this matter shall be transferred to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN